BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
LAUREN RESTREPO (Cal. Bar No. 319873)
Assistant United States Attorney
Deputy Chief, Cyber & I.P. Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3825
     Facsimile: (213) 894-2927
     Email:      lauren.restrepo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:24-MJ-03081-DUTY |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION FOR DEFENDANT TYLER ROBERT BUCHANAN |
| v. | |
| TYLER ROBERT BUCHANAN, | |
| Defendant. | |

     Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant TYLER ROBERT BUCHANAN and gives notice of the following material factors:

☐  1.  Temporary 10-day Detention Requested (§ 3142(d)) on the
        following grounds:

☐  a.  present offense committed while defendant was on release
        pending (felony trial),

☐  b.  defendant is an alien not lawfully admitted for
        permanent residence; and

☐ c.   defendant may flee; or

☐ d.   pose a danger to another or the community.

☒ 2.   Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:

☒ a.   the appearance of the defendant as required;

☒ b.   safety of any other person and the community.

☐ 3.   Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

☐ a.   defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

☐ b.   defendant cannot establish by clear and convincing evidence that he/she will not flee.

☐ 4.   Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):

☐ a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐ b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐ c.   offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

2

2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐ d.   defendant currently charged with an offense described in paragraph 5a - 5e below, <u>AND</u> defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), <u>AND</u> that previous offense was committed while defendant was on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☐ 5.   Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐ a.   a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐ b.   an offense for which maximum sentence is life imprisonment or death;

☐ c.   Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐ d.   any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c

               if federal jurisdiction were present, or a combination or such offenses;

☐   e.   any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☒   f.   serious risk defendant will flee;

☐   g.   serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

☐  6.   Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//
//

4

☐    7.    Good cause for continuance in excess of three days exists in
that:

_____

_____

_____

_____

Dated: April 23, 2025                    Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, Criminal Division

_____
LAUREN RESTREPO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA